# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Joseph Salem, et al.,** | Case No. 5:18cv1754 |
| **Plaintiffs,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **City of Akron, et al.,** | |
| **Defendants** | **MEMORANDUM OPINION AND ORDER** |

Currently pending are the following: (1) the Motion to Dismiss of Defendants Paul Calvaruso and Stephen Phillips for Failure to Perfect Service (Doc. No. 21); and (2) the Motion of Defendants' City of Akron, Terry Pasco, Chris Brewer, Eric McDonald, Michael Pasternak, Adam Guilmette, Brett Talcott and Kevin Rybka for Discovery Sanctions (Doc. No. 32).

For the following reasons, the Motion to Dismiss of Defendants Calvaruso and Phillips (Doc. No. 21) is unopposed and GRANTED. Defendants' Motion for Discovery Sanctions (Doc. No. 32) is DENIED.

## I. Relevant Procedural History

On June 25, 2018, Plaintiffs Joseph Salem and Spot for Entertainment, LLC dba Hibachi Xpress Bar and Grille (hereinafter referred to collectively as "Plaintiffs") filed a Complaint in the Summit County Court of Common Pleas against the following Defendants: (1) the City of Akron; (2) Akron Police Captain Terry Pasco; (3) Major Paul Calvaruso; (4) Captain Christopher Brewer; (5) Officer Eric McDonald; (6) Officer Michael Pasternak; (7) Officer Adam Guilmette; (8) Officer Brett Talcott; (9) Officer Kevin Rybka; (10) Lieutenant Stephen Phillips; and (11) Akron Police Officers John Does 1-12. (Doc. No. 1-1.) Plaintiffs assert claims for unlawful entry; assault and

battery; false arrest; abuse of process; malicious prosecution; "malicious, willful, wanton, reckless conduct;" and "defamation/libel/slander/ and defamation per se." (*Id*.)

The state court docket reflects that the following Defendants were served on July 6, 2018: Defendants City of Akron, Guilmette, Brewer, McDonald, Rybka, Pasternak, Pasco, and Talcott (hereinafter referred to collectively as "Defendants"). *See Salem v. City of Akron*, Summit County Court of Common Pleas Case No. CV-2018-06-2645 (docket). The docket reflects, on that same date, notifications of failure to obtain service were filed as to Defendants Calvaruso and Phillips. (*Id*.)

On July 30, 2018, Defendants removed the action to this Court on the basis of federal question jurisdiction. (Doc. No. 1.) Defendants thereafter filed an Answer on August 6, 2018. (Doc. No. 4.)

On August 14, 2018, then-assigned District Judge Sara Lioi issued a Case Management Conference ("CMC") Scheduling Order, which set a CMC for September 19, 2018. (Doc. No. 5.) In that Order, Judge Lioi (among other things) ordered as follows:

> Should any discovery dispute arise during these proceedings, the parties are specifically directed to comply with Local Rule 37.1. Prior to filing any formal motion seeking aid from the Court in discovery matters, a party shall file a Notice of Request for Local Rule 37.1 Telephone Conference, which must include certification of having made sincere, good faith efforts to resolve the discovery dispute. The Court will promptly schedule a conference call to address the matter. Only after failure of these informal methods may the party file a formal motion under the Federal Rules of Civil Procedure.

(*Id*. at 3.) The CMC was conducted on September 19, 2018, at which time various case management deadlines were set. (Doc. No. 9.) Of particular relevance to the instant Motion, Judge Lioi set a non-expert discovery deadline of March 19, 2019, and a dispositive motion deadline of July 19, 2019. (*Id*.)

2

On March 26, 2019, Judge Lioi conducted a telephonic status conference with counsel. The minutes of those proceedings indicate that "counsel reported that discovery is substantially completed and the parties are preparing dispositive motion briefing." *See* Non-Document Order dated March 26, 2019. There is no indication from the docket that any discovery disputes (or potential discovery disputes) were brought to the Court's attention during that conference.

This matter was transferred to the undersigned on June 26, 2019 pursuant to General Order 2019-13. On July 11, 2019, the undersigned granted Defendants' Motion to extend the dispositive motion deadline until August 16, 2019. The dispositive motion deadline was later extended again to August 26, 2019.

On August 12, 2019, Defendants Calvaruso and Phillips filed a Motion to Dismiss pursuant to Fed. Rules of Civ. P. 12(b)(2) and (4), and 4(m) for Failure to Perfect Service. (Doc. No. 21.) Plaintiffs did not oppose the motion.

Several weeks later, on August 26, 2019, Defendants City of Akron, Pasco, Brewer, McDonald, Pasternak, Guilmette, Talcott, and Rybka filed a Motion for Summary Judgment. (Doc. No. 30.) Plaintiffs filed a Brief in Opposition, to which Defendants responded.[1] (Doc. Nos. 36, 38.)

Finally, on September 6, 2019, Defendants filed a Motion for Discovery Sanctions, on the grounds that Plaintiffs had failed to timely respond to Defendants' interrogatories and requests for production of documents. (Doc. No. 32.) Plaintiffs filed a Brief in Opposition, in which they argued Defendants' Motion should be denied (1) for failure to comply with Judge Lioi's CMC Scheduling

---

[1] Defendants' Motion for Summary Judgment will be addressed in a separate Memorandum Opinion & Order.

Order; and (2) as untimely under Local Rule 37.1(b). (Doc. No. 34.) Defendants did not file a Reply Brief in support of their Motion.

**II.     Analysis**

   **A.     Motion to Dismiss for Failure to Perfect Service**

In their Motion to Dismiss, Defendants Calvaruso and Phillips argue that Plaintiffs have failed to serve them at any point since the Complaint was filed in June 2018. (Doc. No. 21 at 3.) Defendants assert that Plaintiffs cannot show good cause for the delay and, therefore, they should be dismissed from the instant action. (*Id.*) Plaintiffs did not file a brief in opposition to Defendants' Motion.

Federal Rule of Civil Procedure 4(m) provides as follows:

(m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service must be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

Fed. R. Civ. P. 4(m).

Rule 4(m) requires a court to undertake a two-part analysis. First, the court must determine whether the plaintiff has shown good cause for the failure to effect service. *Stewart v. Tennessee Valley Authority*, 2000 WL 1785749 at *1 (6th Cir. 2000). If the plaintiff establishes good cause, the court must "extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). *See also Warrior Imports, Inc. v. 2 Crave*, 317 F.R.D. 66, 69 (N.D. Ohio Mar. 29, 2016). Second, if the plaintiff is unable to establish good cause, the court must either (1) dismiss the action without prejudice, or (2) direct that service be perfected within a specified time. *Stewart,* 2000 WL 1785749 at *1 (citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)). *See also Terrell v. Tallman,*

4

2018 WL 7077920 at * 2 (N.D. Ohio Sept. 20, 2018); *Workman v. University of Akron*, 2017 WL 1113332 at *1 (N.D. Ohio Mar. 24, 2017); *Tanksley v. Tennessee Valley Authority*, 2017 WL 6391473 at *3 (E.D. Tenn. Dec. 14, 2017).

Plaintiff bears the burden of establishing good cause, which "necessitates a demonstration of why service was not made within the time constraints." *Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 521 (6th Cir. 2006) (quoting *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994).). To meet this burden, the plaintiff must offer an explanation equivalent to "at least as much as would be required to show excusable neglect," though "simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305 (5th Cir. 1985)). Courts have found that "extraordinary circumstances may give rise to good cause excusing untimely service." *Powell v. Med. Dep't Cuyahoga Cty. Corr. Ctr.*, 2018 WL 3241243 at *2 (N.D. Ohio July 3, 2018) (citing *Habib*, 15 F.3d at 73 (finding good cause where a seriously ill *pro se* plaintiff made a good faith effort to perfect service)).

Here, the record reflects Defendants Calvaruso and Phillips were named as Defendants in the Complaint that was filed in state court on June 25, 2018. The state court docket indicates that, on July 6, 2018, notifications of failure to obtain service were filed as to both Calvaruso and Phillips. *See Salem v. City of Akron*, Summit County Court of Common Pleas Case No. CV-2018-06-2645 (docket sheet). This Court's docket does not show that either of these Defendants were served after removal on July 30, 2018. In sum, there is no indication that Defendants Calvaruso or Phillips were served at any point in time, either before or after removal to this Court. Plaintiffs do not argue

5

otherwise. Accordingly, the Court finds that Plaintiffs failed to effect service on Defendants Calvaruso or Phillips within 90 days as required by Fed. R. Civ. P. 4(m).

The Court further finds that Plaintiffs have failed to demonstrate good cause for their failure to do so. As noted above, this action has been pending in this Court for over 18 months. Plaintiffs have been aware since July 2018 that service had not been obtained as to Calvaruso and Phillips, yet the docket reflects no further attempts to obtain service on these Defendants. Plaintiffs do not oppose Defendants' Motion and, thus, do not argue the existence of good cause or otherwise offer any explanation for their failure to effect service as to these Defendants. Under the circumstances, the Court finds Plaintiffs have failed to demonstrate good cause.

Thus, the Court must determine whether to dismiss the action against these Defendants without prejudice, or to direct that service be perfected within a specified time. Here, Plaintiffs do not ask this Court for the opportunity to perfect service on Defendants Calvaruso and Phillips, and the Court finds no reason to *sua sponte* order it under the circumstances presented. The Complaint in this matter was filed in June 2018, the discovery deadline is well past, and a summary judgment motion is currently pending. In light of the late stage of the proceedings, and absent any argument to the contrary, the Court finds that dismissal without prejudice is appropriate.

Accordingly, the Motion of Defendants Calvaruso and Phillips to Dismiss (Doc. No. 21) is granted as follows. Defendants Calvaruso and Phillips are dismissed without prejudice. *See Taylor v. Medical Management,* 2019 WL 1313828 at *2 (6th Cir. Feb. 21, 2019) (dismissal for failure to perfect service under Rule 4(m) should be without prejudice).

**B.** **Motion for Discovery Sanctions**

In their Motion for Discovery Sanctions, Defendants ask the Court to "sanction Plaintiff, Joseph Salem, for discovery abuse and for impeding the discovery process." (Doc. No. 32 at p. 1.) Specifically, Defendants argue that Plaintiff was served with interrogatories and requests for production of documents on February 17, 2019 but has failed to respond as of the date of the Motion. (*Id.*) Defendants assert that they attempted to confer in good faith with Plaintiffs' counsel on several occasions with no success. (*Id*. at p. 2.) Defendants request "that the Court sanction Plaintiff with an order that prohibits Plaintiff from using any information, evidence, or documents that can be construed as responsive to the written requests, to support Plaintiff's claims in motion practice or at trial." (*Id*.)

Plaintiffs argue that Defendants' Motion should be denied for several reasons. (Doc. No. 34-1.) First, Plaintiffs assert that Defendants failed to comply with Judge Lioi's Order requiring the parties to comply with the discovery dispute process set forth in Local Rule 37.1, including the requirements that (prior to filing a discovery motion) the parties file a Notice of Request for Local Rule 37.1 Telephone Conference and, if necessary, position papers. (*Id*. at pp. 3-4.) Second, Plaintiffs argue that Defendants' Motion is untimely under Local Rule 37.1(b) because it was filed more than ten days after the close of non-expert discovery on March 19, 2019. (*Id*. at p. 6.) Finally, Plaintiffs argue that Defendants' Motion seeks an improper remedy in that it seeks to prevent Plaintiffs from presenting any evidence in support of their case. (*Id*. at pp. 6-7.) In this regard, Plaintiffs assert Defendants' Motion "is really a Motion to Dismiss in disguise" and should be denied as improper. (*Id*. at pp. 7-8.)

As discussed above, Judge Lioi's August 14, 2018 Order specifically directed the parties to comply with Local Rule 37.1 in the event of a discovery dispute. (Doc. No. 5 at p. 3.) Local Rule

37.1(a) sets forth specific steps that must be taken before filing a discovery motion. Specifically, L.R. 37.1(a) requires that:

> In the absence of a Judicial Officer establishing an alternative procedure for handling discovery disputes, the following procedure shall apply.
>
> (1) Discovery disputes shall be referred to a Judicial Officer only after counsel for the party seeking the disputed discovery has made, and certified to the Court the making of, sincere, good faith efforts to resolve such disputes.
>
> (2) The Judicial Officer may attempt to resolve the discovery dispute by telephone conference.
>
> (3) In the event the dispute is not resolved by the telephone conference, the parties shall outline their respective positions by letter and the Judicial Officer shall attempt to resolve the dispute without additional legal memoranda.
>
> (4) If the Judicial Officer still is unable to resolve the dispute, the parties may file their respective memoranda in support of and in opposition to, the requested discovery by a date set by the Judicial Officer, who may schedule a hearing on the motion to compel.

Local. R. 37.1(a). As is clear from the Rule, before a party may file a discovery motion, it must certify that it has attempted in good faith to resolve the dispute, and contact the court to apprise the court of the dispute and afford it an opportunity to resolve the dispute either by means of a phone conference or, if that fails, upon letters setting forth the parties' respective positions. *See Infocision Management Corp. v. Foundation for Moral Law, Inc.*, 2009 WL 1661650 at * 2 (N.D. Ohio June 15, 2009). Failure to comply with the procedures set forth in Local Rule 37.1(a) may result in the denial of the subsequent discovery motion. *See e.g., Diorio v. TMI Hospitality*, 2017 WL 1399869 at * 2 (N.D. Ohio April 19, 2017); *St. John v. Bosley, Inc*., 2011 WL 1542532 at * 2 (N.D. Ohio April 21, 2011); *Infocision Management Corp.,* 2009 WL 1661650 at * 2; *Schneider Saddlery Co. v. Best Shot Pet Prod. Intl., LLC*, 2007 WL 3232452 (N.D. Ohio Nov. 1, 2007).

In addition, Local Rule 37.1(b) provides that "[n]o discovery dispute shall be brought to the attention of the Court, and no motion to compel may be filed, more than ten (10) days after the discovery cut-off date." Local R. 37.1(b). The Northern District of Ohio has adhered to the Local Rule 37.1(b) time limit. *See e.g., Sterling Jewelers Inc. v. Alex and Ani, LLC*, 2019 WL 95842 at * 2 (N.D. Ohio Jan. 3, 2019); *Davis v Kirk*, 2019 WL 6221476 at * 8 (N.D. Ohio July 25, 2019); *Balsley v. LFP, Inc*., 2010 WL 11561883 at * 1-2 (N.D. Ohio Jan. 26, 2010); *Somogy v. South Local School Dist. Bd. of Educ*., 2007 WL 2572173, *4 (N.D. Ohio, Aug. 31, 2007). This Rule has been applied in the context of motions for discovery sanctions filed more than ten days after the discovery cut-off. *See also Baker v. Gerdenich Realty Co*., 2009 WL 414663 at *5 (N.D. Ohio, Feb. 19, 2009) (denying motion for discovery sanctions as untimely under Local Rule 37.1(b)); *Infocision Management Corp.*, 2009 WL 1661650 at *3 (finding that motion for discovery sanctions "violated the prohibition in L.R. 37.1(b) against the filing of discovery motions more than ten days after the discovery cut-off date.").

Defendants' Motion is denied for failure to comply with Local Rule 37.1. Defendants' Motion marks the first time this Court has been informed of Plaintiffs' failure to respond to written discovery requests. Had Defendants complied with Local Rule 37.1(a), the parties' discovery dispute could have been promptly resolved by the Court via more informal means. Specifically, and as directed in the Court's August 14, 2018 Order, Defendants were required to file a Notice of Request for Local Rule 37.1 Telephone Conference before filing any discovery-related motions. Defendants failed to meet the requirements of either the Court's August 14, 2018 Order or Local Rule 37.1(a) before bringing the present Motion. Denial of Defendants' Motion is appropriate on this basis alone.

In addition, Defendants' Motion violates the prohibition in Local Rule 37.1(b) against the filing of discovery motions more than ten days after the discovery cut-off date. Pursuant to the Court's

9

September 19, 2018 CMC Order, the discovery deadline in this matter was March 19, 2019. Defendants' Motion was not filed until September 6, 2019, making it over five months late. Defendants did not file a Reply in support of their Motion for Sanctions, thus offering no explanation for their failure to timely apprise the Court regarding this issue. Accordingly, denial of Defendants' Motion for Sanctions is appropriate for this additional reason. *See e.g., Infocision Management Corp.*, 2009 WL 1661650 at * 3; *Baker*, 2009 WL 414663 at * 5.

Accordingly, and for all the reasons set forth above, Defendants' Motion for Discovery Sanctions (Doc. No. 32) is denied.

### III. Conclusion

For the foregoing reasons, the Motion of Defendants Calvaruso and Phillips to Dismiss for Failure to Perfect Service (Doc. No. 21) is GRANTED as follows. Defendants Calvaruso and Phillips are dismissed without prejudice. In addition, Defendants' Motion for Discovery Sanctions (Doc. No. 32) is DENIED.

**IT IS SO ORDERED**

Date: March 13, 2020

   *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE